# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

---

ADVENTIST HEALTH SYSTEM
SUNBELT HEALTHCARE CORPORATION.
A Florida not for profit corporation,

      Plaintiff,                      Case No. 6:20-cv-00877-PGB-DCI

v.

MICHAEL H. WEISS, P.C., a California
Professional corporation; MICHAEL H. WEISS,
Individually; and TOMAX CAPITAL MANAGEMENT, INC.
a California corporation, and Yehoram Tom Efrati,
individually.

      Defendants

---

## MOTION OF DEFENDANTS TOMAX CAPITAL MANAGEMENT, A CALIFORNIA CORPORATION, AND YEHORAM TOM EFRATI TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Tomax Capital Management, Inc., a California corporation (hereinafter "Tomax") and Yehoram Tom Efrati (hereinafter "Efrati"), by and through their undersigned counsel, hereby move to dismiss Plaintiff's Complaint pursuant to *Federal Rules of Civil Procedure* 12(b)(2), 12(b)(6) and Local Rule 3.01 on the grounds that: (1) the Complaint fails to state a claim for which relief can be granted, (2) the Complaint fails to establish that this Court has personal jurisdiction over Mr. Efrati; (3) the Complaint fails to plead jurisdiction as it pertains to Mr. Efrati pursuant to *Federal Rule of Procedure* 8; and (4) the Complaint fails to plead with particularity any allegations of fraud pursuant to *Federal Rule of Procedure* 9(b). In support thereof, Defendants Efrati and Tomas aver the following:

## INTRODUCTION

Plaintiff's Complaint against Defendants Tomax and Efrati fails to state a claim upon which relief can be granted and also fails to establish that this Court has personal jurisdiction

over Mr. Efrati. As such, Plaintiff's Complaint should be dismissed. Plaintiff filed a nine (9) Count Complaint against Mr. Efrati, Tomax and Defendants Michael H. Weiss, P.C. (hereinafter "Law Firm") and Michael H. Weiss, individually (hereinafter "Weiss") which purports to allege Breach of Contract Against Tomax (Count VI), Conversion against Tomax (Count VII), Civil Conspiracy to Commit Conversion Against all Defendants (Count VIII), and Civil Conspiracy to Defraud Against all Defendants (Count IX). Plaintiff's Complaint, however, is patently flawed. Plaintiff's Complaint is devoid of any allegations against Mr. Efrati in his individual capacity, does not adequately plead a claim for civil conspiracy to commit conversion, and does not plead with particularity any circumstances alleging fraud. Furthermore, Plaintiff does not plead any allegations which rise to the level of specificity required to plausibly allege a cause of action against either Mr. Efrati or Tomax. Plaintiff fails to plead, pursuant to *Federal Rule of Procedure* 8, in any way that this Court has personal jurisdiction over Mr. Efrati individually. Finally, Plaintiff does not plead Mr. Efrati committed any action which would subject him to personal jurisdiction under Florida's long-arm statute or that Mr. Efrati has the required minimum contacts with the State of Florida to establish personal jurisdiction so as not to offend the Due Process clause of the Constitution.

## ARGUMENT

### A. **Standard of Review.**

The purpose of a motion to dismiss is to test the legal sufficiency of a complaint. *Ancata v. Prison Health Services, Inc.* 769 F.2d 700 (11th Cir. 1985); *Fla. Bar v. Greene*, 926 So. 2d 1195 (Fla. 2006). "Dismissal may be based on various grounds, including failure of the complainant to abide by the applicable rules of procedure." *Greene* at 1199. Under *Federal Rule of Civil Procedure* 8(a)(2), a pleading must contain a "short and plain statement of the claim showing

that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a)(2)."Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* A complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Id.,* and plead "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007)) (internal quotations, brackets and citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal* 556 U.S. at 679.

After stripping away any conclusory statements in the complaint, the remaining factual allegations must do more than "creat[e] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (internal quotation marks and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id. Federal Rule of Civil Procedure 8* "does not empower [a party] to plead the bare elements of his cause of action…and expect his complaint to survive a motion to dismiss." *Iqbal* 556 U.S. at 687. The Rule "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. The Eleventh Circuit, in *Herssein Law Group v. Reed of Elsevier, Inc*., No. 14-11945 (11th Cir.

2015), explicitly rejected complaint pleading which only included conclusory allegations as failing the pleading requirements set out by the Supreme Court of the United States.

### B. <u>Plaintiff's Complaint does not plead any claims against Mr. Efrati individually</u>

While Plaintiff's Complaint lists Mr. Efrati individually as a Defendant and attempts to plead two Counts against him (*see* Doc. 1. (Plaintiff's Complaint) Counts VIII and IX), Plaintiff's Complaint does not actually plead any allegations at all against Mr. Efrati in his individual capacity. (*See* Doc. 1. at ¶133 "This is a claim for civil conspiracy against *the Law firm, Mr. Weiss, and Tomax."*) (emphasis added); Doc. 1. at ¶148 ("This is a claim for civil conspiracy against *the Law firm, Mr. Weiss, and Tomax, which conspired together…*"); ( Doc. 1. at ¶146 "Mr. Efrati, *as CEO of Tomax…*") (emphasis added). Plaintiff's complaint is actually devoid of any pleadings pertaining to claims involving Mr. Efrati.

Plaintiff's Complaint contains Counts alleging claims against "ALL DEFENDANTS," yet only pleads claims against Tomax, the Law Firm, and Weiss, *not* Mr. Efrati personally. As such, Plaintiff's complaint is patently defective as it pertains to Mr. Efrati in his individual capacity. Allowing this litigation to proceed against Mr. Efrati in his individual capacity would violate his Due Process rights of actual notice of any claims against him as well the ability to assess any claims Plaintiff may have, determine their merit, and prepare an adequate defense. *See Mullane* 339 U.S. 306, 313 (1950), *supra*. Furthermore, without Plaintiff listing any allegations that Mr. Efrati, individually, was involved in any claim, this Court cannot have personal jurisdiction over him (further jurisdictional arguments laid out, *infra*.) Finally, *Fed. R. Civ. P.* 12(b)(6) warrants dismissal for a failure to state a claim upon which relief can be granted. Therefore, for all of the above reasons, dismissal of Mr. Efrati, individually, from this action is required.

### C. **Plaintiff's Complaint fails to establish personal jurisdiction over Mr. Efrati**

#### i. **Personal Jurisdictional Standard**

The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert *in personam* jurisdiction over a nonresident defendant. *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408, 413-414 (1984); *Pennoyer* v. *Neff*, 95 U.S. 714 (1878). "A plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F. 3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F. 3d 1260, 1274 (11th Cir. 2009)). Once a defendant challenges personal jurisdiction, "[t]he burden … shifts back to the plaintiff to produce evidence supporting jurisdiction." *Id.* (quoting *Madara v. Hall*, 916 F. 2d 1510, 1514 (11th Cir. 1990)).

"To assert personal jurisdiction over a nonresident defendant, federal courts must engage in a two-part analysis." *Alexander Proudfoot Co. World Headquarters L.P. v. Thayer*, 877 F.2d 912, (11th Cir. 1989). When claims involve allegations of state law violation, Federal Courts must first analyze their jurisdictional authority by looking at and analyzing the applicable state long-arm statute which is construed by the state's Supreme Court. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 12165 (11th Cir. 1998); *Pesaplastic, C.A. v. Cincinnati Milacron Co.,* 750 F.2d 1516, 1521 (11th Cir. 1985). Only then, if there is a basis for the assertion of personal jurisdiction under the state statute, can the court proceed to determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Hall, 916 F.2d* 1510, 1514

(11th Cir. 1990)[1]; *Wendt v. Horowitz*, 822 So. 2d 1252, 1257 (Fla. 2002). Thus, to establish personal jurisdiction, Plaintiff has the burden of proof of proving both the applicability of Florida's long-arm statute and the Constitutional requirement to satisfy the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919 (2011); *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla. 1989).

Florida's long-arm statute provides, in relevant part:

(1)(a) *A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:*

*1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.*

*2. Committing a tortious act within this state.*

*3. Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.*

…

*6. Causing injury to persons or property within this state arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury,*

---

[1] "The determination of personal jurisdiction over a non-resident defendant requires a two-part analysis. *Cable/Home Communication Corp. v. Network Productions, Inc*., 902 F.2d 829, 855 (11th Cir. 1990); *Alexander Proudfoot Co.*, 877 F.2d at 919. First, we consider the jurisdictional question under the state long-arm statute. *Cable/Home Communication Corp*., 902 F.2d at 855; *Alexander Proudfoot Co*., 877 F.2d at 919. If there is a basis for the assertion of personal jurisdiction under the state statute, we next determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940))); *Cable/Home Communication Corp.*, 902 F.2d at 855; *Alexander Proudfoot Co*., 877 F.2d at 919. Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant."

*either: (a) the defendant was engaged in solicitation or service activities within this state….*

*7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.* [2]

*Fla. Stat.* § 48.193(1)(a).

Personal jurisdiction under the Due Process Clause can be satisfied in two forms: specific and/or general. "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations* 564 U.S. at 919 (2011) (internal quotations omitted). Specific jurisdiction over a defendant can be found only where a defendant has certain minimum contacts with the forum state. *International Shoe Co.* 326 U.S. at 316 (1945); *Caiazzo v. Am. Royal Arts Corp.*, 73 So. 3d 245, 251 (Fla. 4th DCA 2011). A defendant must purposefully avail himself of the privileges of conducting business within the forum state and consequently, benefit from the protections of the forum state's laws. *Hanson v. Denckla* 357 U.S. 235, 78 S. Ct. 1228 (1958). A defendant must maintain the requisite minimum contacts whereby "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being hailed into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980). General jurisdiction over a defendant, on the other hand, can be found by the "…showing

---

[2] Even if Plaintiff tried to use the contractual agreement to establish personal jurisdiction over Mr. Efrati, that argument would fail. Mr. Efrati was not a party to the Paymaster Agreement, and Plaintiff does not allege so. The Paymaster Agreement specifically details who the parties to the contract are. *See* Doc. 1. (*Plaintiff's Complaint*) at Exhibit "A." The Paymaster Agreement has, in fact, only three parties ("Paymaster (Michael H. Weiss, P.C.), AdventHealth (Plaintiff), and TCM (Defendant Tomax) may be referred to herein individually as "Party" and collectively as the "Parties."" Where the very exhibits to a complaint contradict the conclusory allegations of the complaint, the exhibits control. *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009). The allegations of Plaintiff's Complaint are clearly contradicted by the language of the Paymaster Agreement, which is Exhibit "A." In Exhibit "A," Mr. Efrati's signature was solely in his capacity as CEO of Defendant Tomax, and his signature was affixed under the heading "PARTY: Tomax Capital Management, Inc."

of substantial, continuous and systematic business contacts…" *International Shoe Co.* 326 U.S. at

317 (1945). Furthermore,

> *…an exercise of jurisdiction that is unreasonable would offend due process. To determine whether an exercise of jurisdiction is reasonable, "a court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief" as well as "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."*

*Caiazzo* at 251. (quoting *Metal Indus. Co. v. Super. St. of Cal. Of Cal., Solano Cnty.*, 480 U.S.

102, 113 (1987).

### ii. <u>Plaintiff's Complaint fails to Establish this Court has Personal Jurisdiction over Mr. Efrati under Florida's long-arm statute.</u>

Plaintiff fails to identify any action arising out of an act or omission by Mr. Efrati that

allegedly caused injury to persons or property within the State of Florida, let alone any actions

Mr. Efrati engaged in in his individual capacity at all. Plaintiff does not identify any business Mr.

Efrati, personally, undertook in Florida. Plaintiff does not plead Mr. Efrati breached a contract in

this state. Plaintiff did, however, tried to allege general allegations of conspiracy (though never

actually naming Mr. Efrati, individually, in any claims it brought.) Plaintiff failed to identify,

however, any alleged act, omission or tortious activity of Mr. Efrati that has a nexus or

connection with the State of Florida. All Plaintiff pleads are baseless claims that are speculative

at best, without pleading anything more substantial than the bare elements of its cause of action.

Plaintiff does not even plead at all how Mr. Efrati could be personally liable. Plaintiff does

not plead Mr. Efrati engaged in any actions in his individual capacity. Plaintiff's Complaint does

not plead any factual allegations as to how Mr. Efrati was personally involved in any part of a

civil conspiracy, some overt act of  Mr. Efrati in furtherance of the alleged conspiracy, or how

Plaintiff was damaged by Mr. Efrati. While Plaintiff's Complaint contains Counts alleging Mr.

Efrati engaged in intentionally tortious conduct, Plaintiff does not plead any factual content

alleging such or plead any factual content that could allow this court to draw any reasonable inference that Mr. Efrati is personally liable for any alleged misconduct. Plaintiff's Complaint merely contains conclusory allegations and speculative pleadings regarding Mr. Efrati without pleading anything more substantial than the bare elements of its cause of action. Candidly, Mr. Efrati diligently searched Plaintiff's Complaint to find allegations or pleadings as to how he could be personally liable. Plaintiff's Complaint, however, does not contain a component stating any action Mr. Efrati undertook in his individual capacity.

Plaintiff's Complaint repeatedly treats Mr. Efrati and Tomax as though their conduct was inextricably linked and identical without establishing any connection between the two. *See* Doc. 1. at ¶141 "Mr. Efrati took steps in furtherance of the conspiracy when he assisted Tomax…. Mr. Efrati's actions delayed the refund and prevented [Plaintiff] from recovering its Escrow Funds." *See also* Doc. 1. at ¶159. These types of allegations, while mentioning Mr. Efrati's name, do not make clear how Mr. Efrati was acting in his personal rather than professional capacity as a corporate officer or otherwise establish why the corporate activities he carried out on behalf of Tomax subject him to personal liability. All allegations that Mr. Efrati engaged in fraudulent activity are contained as conclusory recitals within the claims of the Complaint and are not attached to specific factual allegations which would point to individual conduct by Mr. Efrati.

Except for limited circumstances, "a corporation is a separate legal entity, distinct from the persons comprising [it]" *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008). While "alter ego serves as a theory to impose liability on an individual for the acts of a corporate entity," *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, Case No. 09-CV-61436, 2010 U.S. Dist. LEXIS 37889, 2010 WL 1531489, at *9 (S.D. Fla. April 16, 2010), to pierce the corporate veil in this way, it is imperative that plaintiff prove "*both* that the corporation is a mere instrumentality

or alter ego of the defendant, *and* that the defendant engaged in improper conduct in the formation or use of the corporation." *XL Vision, LLC v. Holloway*, 856 So. 2d 1063, 1066 (Fla. 5th DCA 2003) (emphasis added). The conduct of the alleged alter ego must be such that "the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact nonexistent and the shareholders were in fact alter egos of the corporation." *Gasparini*, 972 So. 2d at 1055. "In order to establish a claim based on apparent agency, three elements must be proven: (a) a representation by the purported principal, (b) reliance on that representation by a third party, and (c) a change in position by the third party in reliance on the representation." *Jackson Hewitt, Inc. v. Kaman*, 100 So. 3d at 32. *See*, *Mobil Oil Corp. v. Bransford*, 648 So. 2d 271, 275 (Fla. 3rd DCA 2006). "Jurisdiction over the representatives of a corporation may not be predicated on jurisdiction over the corporation itself…jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state." *Ten Mile Indus. Park v. Western Plains Serv. Corp.,* 810 F.2d 1518, 1527 (10th Cir. 1987).

All the forgoing, however, while true, is inapplicable in this instance as Plaintiff does not plead that Mr. Efrati is an "alter ego" of Tomax. Plaintiff does not plead any fact alleging to "pierce the corporate veil." In fact, it is inexplicable as to what connection Plaintiff tried to make[3] regarding any association Mr. Efrati personally had in an alleged conspiracy. Mr. Efrati, then, in trying to prepare a defense can only speculate that Plaintiff is trying to allege the "personal stake" exception to the intra-corporate conspiracy doctrine. (*See* Doc. 1. at ¶¶142 and 160 "Mr. Efrati took these steps and furthered this conspiracy because he had an independent, personal stake in the outcome of this conspiracy.") "Florida courts recognize the 'personal stake'

---

[3] Actually, failed to plead. See argument, Section B. *supra*, regarding Plaintiff's failure to plead any claims against Mr. Efrati personally.

exception to the intra-corporate conspiracy doctrine." *Mancinelli v. Davis*, 217 So. 3d 1034, 1036 (Fla. 4th DCA 2017). "Under this exception, where an agent has a 'personal stake in the activities separate from the principal's interest,' the agent can be liable for civil conspiracy." *Id.* (quoting *Richard Bertram, Inc. v. Sterling Bank & Trust*, 820 So. 2d 963, 966 (Fla. 4th DCA 2002)). A corporate agent "must have acted in their personal interests, *wholly and separately from the corporation.*" *Id.* (internal quotations omitted) (quoting *Microsoft Corp. v. Big Boy Distr. LLC*, 589 F. Supp. 2d 1308, 1323 (S.D. Fla. 2008))(emphasis added). However, even if this were Plaintiff's contention and theory, Plaintiff's Complaint did not allege so. All that Plaintiff's Complaint did was regurgitate what it believed to be certain buzz words from part of the standard without specifically naming any such theory of liability or pleading associating facts.

*Arguendo*, even if this is Plaintiff's intention, Plaintiff's Complaint fails as it does not allege facts showing Mr. Efrati had a "personal stake" in any activity and thus, does not make out the 'personal stake' exception to the intra-corporate conspiracy doctrine. Simply making allegations and pointing out that Mr. Efrati is/was CEO of Tomax without pleading any factual basis will not suffice. Plaintiff does not allege how Mr. Efrati has a personal stake *wholly and separately from* his interest in Tomax or how Mr. Efrati personally retained any benefit beside his interest in Tomax. While the corporate shield doctrine does not operate as a bar to personal jurisdiction in Florida over an nonresident defendant if he commits negligent acts in Florida irrespective of whether these acts occurred for the benefit of a corporate employer, *Kitroser v. Hurt*, 85 So. 3d 1084, 1090 (Fla. 2012), Plaintiff's Complaint fails to identify or allege how Mr. Efrati is involved or liable in his individual capacity, and certainly fails to plead any acts Mr. Efrati undertook. Plaintiff has not established issues deriving from, or connected with, a controversy

that can establish personal jurisdiction over Mr. Efrati. Consequently, under Florida's long-arm statute, this Honorable Court lacks personal jurisdiction over Mr. Efrati.

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of an action when the court lacks personal jurisdiction over the defendant. Therefore, this Court should dismiss all claims against Mr. Efrati in his individual capacity and dismiss Mr. Efrati from this action.

### iii. Plaintiff's Complaint fails to Establish Due Process Considerations of the United States Constitution for this Court to have Personal Jurisdiction over Mr. Efrati

*Arguendo*, even if Florida's long-arm statute is applicable to Mr. Efrati, this Honorable Court lacks personal jurisdiction over Defendant Efrati as it violates his Due Process rights under the Fourteenth Amendment of the United States Constitution. In this case, Mr. Efrati does not have minimum contacts in Florida, nor did he purposefully avail himself of the privileges of conducting business within Florida such that he could have anticipated being hauled into a Florida court in his individual capacity. Mr. Efrati is a California resident with no personal connections to Florida. Any dealings or transaction that may have a connection with the forum state were on behalf of Tomax and not attributable to him, individually. In fact, Plaintiff's Complaint is devoid of any allegations that Mr. Efrati, individually, has any contacts with the forum State, let alone "minimum contacts." Plaintiff has not alleged Tomax is an "alter ego" of Mr. Efrati or in any way pled or alleged to "pierce the corporate veil." Plaintiff has not pled with specificity any action Mr. Efrati allegedly took which would constitute minimum contacts with the State of Florida.  Plaintiff does not plead any counts against Mr. Efrati, individually, or plead factual content that allows the court to draw the reasonable inference that Mr. Efrati is liable for the misconduct alleged. Plaintiff does not plead any agreement Mr. Efrati entered into or any

overt act Mr. Efrati allegedly took. Therefore, Plaintiff's Complaint is insufficient to make out a prima facie case of personal jurisdiction.

Plaintiff's Complaint fails to allege any substantial, continuous, and systematic business contacts Mr. Efrati has or maintained with Florida. Consequently, Plaintiff has no legally recognized basis for hauling Mr. Efrati into a Florida court. Plaintiff's general counts of civil conspiracy against Mr. Efrati only to provide a means for the imposition of joint liability in an instance where, if not characterized as a co-conspirator, he would not be subject to Florida's long-arm statute, does not hold water. *See Execu-tech Bus. Sys., Inc. v. New OJI Paper Co.*, 708 So. 2d 599, 600 (Fla. 4th DCA 1998) (holding that assertion of the "conspiracy theory of jurisdiction" will be sustained only when plaintiff shows: (1) a conspiracy existed; (2) the defendant was a member of that conspiracy; (3) a substantial act or substantial effect in furtherance of the conspiracy occurred in the forum state; (4) the defendant knew or should have known of the acts in or effects on the forum state; and (5) such acts or effects were "a direct and foreseeable result" of the actions in furtherance of the conspiracy).

Undeniably, it would be both unreasonable and would offend due process to require Mr. Efrati to defend himself in a Florida court due to the burden of him having to travel to a forum state where he has no contacts. Mr. Efrati never consented to jurisdiction in Florida, nor can Plaintiff identify any legally recognized basis for adequately subjecting Mr. Efrati to Florida's jurisdiction. Plaintiff does not plead any claims against Mr. Efrati individually. Plaintiff does not properly plead any of the claims that it tries to make against Mr. Efrati, individually. Plaintiff does not plead any factual content that would allow the court to draw the reasonable inference that Mr. Efrati is personally liable for the misconduct alleged. Plaintiff does not plead in its Complaint that this Court has personal jurisdiction, how this Court has personal jurisdiction, or

any contacts that would be subject Mr. Efrati to personal jurisdiction under either the Florida long-arm statute or the Due Process Clause of the United States Constitution. Accordingly, dismissal is required for lack of personal jurisdiction over Mr. Efrati.

**iv. <u>Plaintiff's Complaint does not plead that this Court has Personal Jurisdiction over Mr. Efrati pursuant to Federal Rule of Civil Procedure 8</u>**

*Federal Rule of Civil Procedure* 8(a)(1) requires "a short and plain statement of the grounds for the court's jurisdiction … ." *Fed. R. Civ. P.* 8(a)(1). Plaintiff's Complaint alleges personal jurisdiction over all other Defendants except Mr. Efrati in his individual capacity. *See* Doc. 1. (Plaintiff's Complaint) *at ¶ 2*. As such, Plaintiff's Complaint does not conform with *Federal Rule of Civil Procedure* 8(a)(1) as it does not state the grounds for this Court having personal jurisdiction over Mr. Efrati, individually. Allowing this litigation to proceed against Mr. Efrati in his individual capacity would violate his Due Process rights as it deprives him of proper notice of how this Court could allegedly have personal jurisdiction over him, the ability to assess whether the Court does, determine the merits of any alleged grounds of jurisdiction, and allow Mr. Efrati to prepare an adequate defense. *See e.g. Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 313 (1950) (holding that due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.) As such, this Honorable Court should dismiss Mr. Efrati from the action for Plaintiff's failure to plead jurisdiction over Mr. Efrati as Plaintiff's Complaint does not conform with *Federal Rule of Civil Procedure* 8(a)(1).

**D. <u>Plaintiff does not properly plead Civil Conspiracy against Mr. Efrati or Tomax.</u>**

Even if Plaintiff's Complaint were not barred by lack of personal jurisdiction, it would nevertheless warrant dismissal under Fed. R. Civ. P. 12(b)(6). Fed. R. Civ. P. 12(b)(6) warrants dismissal for failure to state a claim upon which relief can be granted.

### i.  Requirements for a Civil Conspiracy Pleading

"Florida does not recognize an independent action for conspiracy." *Allocco v. City of Coral Gables,* 221 F. Supp. 2d 1317, 1360-61 (S.D. Fla. 2002) (citing *Churruca v. Miami Jai-Alai, Inc.,* 353 So. 2d 547, 550 (Fla. 1977). In Florida, a civil conspiracy claim must derive from the underlying claim that forms the basis of the alleged conspiracy. *Id.* at 1361 (citing *Czarnecki v. Roller,* 726 F. Supp. 832, 840 (S.D. Fla. 1989).  Therefore, pursuant to this rule, a claim that is found not to be actionable cannot serve as the basis for a conspiracy claim. *Id.* (citing *Posner v. Essex Ins. Co.,* 178 F.3d 1209, 1217 (11th Cir. 1999) (applying Florida law). "The gist of an action for civil conspiracy is not the conspiracy itself, but the civil wrong done pursuant to the conspiracy which results in damage to the plaintiff." *Dozier & Gay Paint Co., Inc. v. Dilley,* 518 So. 2d 946, 949 (Fla. 1st DCA 1988).

For Plaintiff to properly plead the essential elements of civil conspiracy, Plaintiff must plead there was: "(a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to the plaintiff as a result of the acts done under the conspiracy." *Fla. Fern Growers Ass'n, Inc. v. Concerned Citizens of Putnam County,* 616 So. 2d 562, 565 (Fla. 5th DCA 1993); *see also Gellert v. Richardson,* 1995 U.S. Dist. LEXIS 11254, 1995 WL 856715 at *2 (M.D. Fla. July 24, 1995) ("(1) an agreement or concerted action between two or more persons; (2) to participate in an unlawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; and (4) which overt act was done in furtherance of the common scheme.") "An actionable conspiracy requires an actionable tort or wrong." *Primerica Fin. Servs., Inc. v. Mitchell,* 48 F. Supp. 2d 1363, 1369 (S.D. Fla. 1999) (internal citation and quotation omitted). Plaintiff "must provide some factual basis for the

legal conclusion that a conspiracy existed." *Id.* Plaintiff "may not simply aver that a conspiracy existed; [Defendants] must be put on notice as to the nature of the conspiracy alleged." *Id.*

A cause of action for civil conspiracy should allege the scope of the conspiracy, its participants, and when the agreement was entered into. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009). A complaint may justifiably be dismissed because of conclusory, vague and/or general allegations of conspiracy. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). A plaintiff's allegations must be factual and individualized as against each defendant: "[G]eneralized allegations 'lumping' multiple defendants together are insufficient." *W. Coast Roofing & Waterproofing, Inc. v. Johns-Manville, Inc.*, 287 Fed. Appx. 81, 86 (11th Cir. 2008). A complaint that "fails to distinguish precisely what each defendant is alleged to have done sufficiently enough to give Defendants fair notice" does not satisfy this standard. *Yahav Enters. LLC v. Beach Resorts Suites LLC*, 2016 U.S. Dist. LEXIS 2905, 2016 WL 111361 (S.D. Fla. 2016).

### ii. Plaintiff does not meet the pleading requirements for Civil Conspiracy

Plaintiff fails to identify how this is not a mere breach of contract claim between Plaintiff and Defendants Weiss and/or the Law Firm. Plaintiff sued to recover two-million dollars ($2,000,000) of the Escrow Funds it transferred to Defendants Weiss and/or the Law Firm pursuant to the Paymaster Agreement. Plaintiff failed to articulate how the failure of Defendants Weiss and/or the Law Firm to return all of the Escrow Funds amounts to Civil Conspiracy. Plaintiff does not allege enough factual matter to establish a conspiracy existed, allege any acts Mr. Efrati or Tomax did to further the alleged conspiracy, what roles Mr. Efrati or Tomax allegedly had, or any damages that resulted from their alleged actions. In fact, Plaintiff's own complaint contradicts itself as to whether a conspiracy existed and/or when an alleged conspiracy

was entered into (*compare* Doc. 1. at ¶49 "At the Time the Defendants entered into the Paymaster Agreement…" *with* Doc. 1. at ¶153 ("Once it became clear the Masks were not available, the Defendants … conspired together to retain the Escrow Funds."[4]). Plaintiff first alleges a prior scheme to defraud at the time the Paymaster Agreement was entered into and then a *post hoc* conspiracy only after learning "Masks were not available."[5] This contradiction does not provide proper notice to either Efrati or Tomax of the allegations against them (including, but limited to) scope and duration of an alleged conspiracy, the ability to assess any the allegations Plaintiff may have against them, determine their merit, and prepare an adequate defense. Plaintiff has in no way pled enough facts to support an allegation that a conspiracy existed. As such, Plaintiff's complaint does not plead the essential elements of civil conspiracy and violates the Due Process rights of both Mr. Efrati and Tomax. Accordingly, all claims against Mr. Efrati and Tomax regarding conspiracy, Counts VIII and XI must be dismissed.

### iii.  **Plaintiff does not Plead Civil Conspiracy to Commit Conversion**

Plaintiff's Complaint fails to plead a claim for civil conspiracy to commit conversion. While Plaintiff's Complaint attempts to plead civil conspiracy for conversion (*See* Doc. 1. *at* Count VIII), it actually does not do so. *See* Doc. 1. *at* ¶ 133 ("This is a claim *for civil conspiracy* against the Law Firm, Mr. Weiss, and Tomax.")(emphasis added). Plaintiff's Complaint never articulates what the alleged conspiracy was *for*, and thus, certainly does not plead that Mr. Efrati or Tomax allegedly conspired "to do an unlawful act or to do a lawful act by unlawful means." Plaintiff's Complaint never alleged an actionable tort or wrong outside of vague and general

---

[4] Technically Plaintiff's Complaint at ¶153 only pertains to Count IX, therefore Defendants limit their averment that the contradiction in Plaintiff's Complaint is applicable only to the dismissal of Count IX as the incorporation of ¶49 is included by reference by ¶147.

[5] Furthermore, this can also logically be seen as failing to allege the scope of the conspiracy as the shift in time and circumstances are intertwined with any alleged scheme, as well as Defendants' allegedly reactionary position to a lack of available masks.

allegations of conspiracy. Since Florida does not recognize an independent action for conspiracy, and a civil conspiracy claim must derive from the underlying claim that forms the basis of the alleged conspiracy, such a generalized allegation is not actionable and thus cannot serve as the basis for a conspiracy claim.

By failing to plead what the alleged conspiracy was for, Plaintiff's Complaint "fails to distinguish precisely what each defendant is alleged to have done sufficiently enough to give Defendants fair notice." Therefore, Count VIII of Plaintiff's complaint is facially flawed for failure to state a cause of action or claim upon which relief can be granted. Allowing this claim to proceed would violate the Due Process rights of both Mr. Efrati and Tomax of actual notice of any claims Plaintiff may have against them as well their ability to assess any such claims, determine their merit, and prepare an adequate defense. Thus, any allegations of civil conspiracy to commit conversion (Count VIII), should be stricken from Plaintiff's Complaint.

E. **Plaintiff's Count for Civil Conspiracy to defraud must fail for failure to Plead pursuant to Fed. R. Civ. P. 9**

Claims for fraud in federal court are governed by *Federal Rule of Procedure* 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Fed. R. Civ. P. 9(b). See also United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1308 (11th Cir. 2002). Generally, federal civil complaints need only state "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a). Each averment should be "simple, concise, and direct," with no technical form of pleading required. *Fed. R. Civ. P.* 8(e). However, "[i]n alleging fraud or mistake, a party must state with *particularity* the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." *Fed. R. Civ. P.* 9(b) (emphasis added). When fraud is alleged:

The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior. The application of Rule 9(b), however, must not abrogate the concept of notice pleading. Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner_ in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*United States ex rel. Clause. at* 1310 (internal quotations and citations omitted.)

The Eleventh Circuit has endorsed the dismissal of pleadings for failing to meet Rule 9(b)'s standards and requirement of particularity. *See*, for example, *Ziemba v. Cascade Int'l, Inc*., 256 F.3d 1194, 1210 (11th Cir. 2001) ("series of inferences is too tenuous" to meet the minimum pleading requirements of Rule 9(b)); *Hendley v. Am. Nat'l Fire Ins. Co*., 842 F.2d 267, 269 (11th Cir. 1988) (concluding that Rule 9(b) was not satisfied when plaintiff "steadfastly refused to offer specifics" and "never earmarked any facts as demonstrative of fraud"*); Friedlander v. Nims*, 755 F.2d 810, 813-14 (11th Cir. 1985); *Summer v. Land & Leisure, Inc*., 664 F.2d 965, 970-71 (5th Cir. Unit B 1981) (affirming Rule 9(b) dismissal because "the complaint includes only conclusory allegations of fraudulent concealment"). "If Rule 9(b) is to carry any water, it must mean that an essential allegation and circumstance of fraudulent conduct cannot be alleged" in mere conclusory fashion. *United States ex rel. Clausen* at 1313. "[T]he particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without" properly adhering to the particularity requirement of Rule 9(b). *Id.* at 1307. While a plaintiff does

not actually have the burden of proving the allegations in his complaint, a plaintiff's complaint must answer the question of whether the pleading is mere conjecture or a specifically pleaded allegation on the essential elements of the lawsuit. *Id.*

Plaintiff's complaint is devoid of particularity, and instead, offers mere conclusory statements which are speculative at best. Without pleading anything more substantial than the bare elements of its cause of action, Plaintiff's Complaint regarding any allegations to defraud fails to conform with *Federal Rule of Civil Procedure* 9(b) and therefore must be dismissed.

## F. Plaintiff's Complaint fails to State a Cause of Action for Conversion against Tomax

Under Florida case law, conversion is defined as the wrongful dominion or control of another person's property, assets or money. *Seymour v. Adams*, 638 So.2d 1044 (Fla. 5th DCA 1994). To properly establish a conversion claim, Plaintiff has the burden of proof to establish, by a preponderance of the evidence:

- a specific and identifiable piece of property, asset or money;
- an immediate possessory right to the property, asset or money;
- an unauthorized act which deprives the Plaintiff of that property, asset or money;
- a demand for the return of the property, asset or money;
- a refusal to return the property, asset or money.

Plaintiff's Complaint fails, though, because Plaintiff does not plead that Tomax ever had wrongful dominion of Plaintiff's funds. Plaintiff does not plead that Plaintiff's funds were ever in any account controlled by Tomax. All Plaintiff has pled, however, is unsubstantiated hearsay from Defendants Weiss and/or the Law Firm. *See* Doc. 1. *at* ¶44 "…Mr. Weiss informed [Plaintiff's agents] that the remaining balance of the Escrow Funds were in Tomax's possession." That is Plaintiff's only factual connection to its allegation that "Tomax wrongfully received a portion of the Escrow Funds with the intent to exercise ownership inconsistent with

[Plaintiff's] right of possession." *See* Doc. 1. ¶126. Plaintiff's pleading is insufficient to establish any factual reliance, however, because of hearsay. As outlined in greater detail, *supra*, Plaintiff's Complaint fails to properly plead or even establish any civil conspiracy, and thus the co-conspirator exemption from the rule against hearsay does not apply (*Fed. R. Evid*. 801(d)(2)(E)). It is unreasonable to file a pleading or a motion founded upon a client's knowledge if the client is not relying on personal knowledge but rather on second-hand assertions. *See Mike Ousley Prods., Inc. v. WJBF-TV*, 952 F.2d 380, 383 (11th Cir. 1992) (counsel sued one defendant relying solely on hearsay furnished by his client). Plaintiff does not plead any facts establishing Tomax has or had any care, control or possession of any amount of the Escrow Funds. In fact, Plaintiff does not plead at all how Defendant Tomax allegedly came into possession of the Escrow Funds, but merely a hearsay conclusory statement from Defendants Weiss and/or the Law Firm trying to shift culpability for their actions by claiming that a portion of the Escrow Funds are/were in Tomax's control, without ever elaborating as to how Tomax received them. Additionally, Plaintiff cannot rely on the e-mail reply of Mr. Efrati (as agent of Tomax) of May 19, 2020 stating that approximately two-million ($2,000,000) dollars Escrow Funds would be wired in the upcoming days. *See* Doc. 1. *at* ¶44. The communication does not state the Escrow Funds were in the care, custody or control of Tomax, or even that the wire transfer would be effectuated by Tomax.  All that alleged statement could show is knowledge of the amount of Escrow Funds at the time the statement was made and/or that there were funds there.

Plaintiff's complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face regarding conversion against Defendant Tomax. Plaintiff does not plead any act on behalf of Tomax that deprived Plaintiff of their Escrow Funds. As such, Plaintiff's Conversion claim against Tomax (Count VII) must be dismissed.

### G. **Plaintiff's Complaint fails to establish a Breach of Contract Against Tomax**

The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages *resulting from the breach*. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 ( Fla. 2nd DCA 2006). Plaintiff brings a breach of Contract claim (Count VII) against Tomax alleging that "Tomax materially breached the Paymaster Agreement by failing to deliver the Masks pursuant to the terms of the Purchase Order" *See* Doc. 1. *at ¶* 115, yet never states any damages resulting from that alleged breach. Plaintiff does not assert any damages associated with the alleged material breach of Tomax for failure to deliver the Masks. Plaintiff only alleges damages arising from Plaintiff's failure to receive the full amount of the Escrow Funds it wired Defendants Weiss and/or the Law Firm. Any claim for damages regarding an alleged failure of Plaintiff to receive the full amount of the Escrow Funds it wired Defendants Weiss and/or the Law Firm would be a contractual claim against Defendants Weiss and/or the Law Firm, not Tomax. Plaintiff does not plead in what manner or how Tomax failed "to provide timely, complete and accurate information and documentation *to the Paymaster* to enable the Paymaster to discharge its duties hereunder." *See* Doc. 1. *at ¶*116(b)(quoting Paymaster Agreement at ¶5)(emphasis added). Furthermore, any claim that Tomax improperly held money of Plaintiff's Escrow Funds would not sound in contract. Accordingly, Plaintiff's claim for breach of contract (Count VII) fails as it does not plead any damage attributable to Tomax for its alleged breach of the Paymaster Agreement to deliver Masks. As such, Plaintiff's claim for breach of contract (Count VII) should be dismissed.

### H. **Plaintiff's Conspiracy Claims are barred by the Economic Loss Rule**

The prohibition against tort actions to recover damages for those in contractual privity[6] "is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." *Am. Aviation*, 891 So. 2d at 536 (citing *Ginsberg v. Lennar Fla. Holdings, Inc*., 645 So. 2d 490, 494 (Fla. 3d DCA 1994) ("Where damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort.")) When parties are in privity, contract principles are generally more appropriate for determining remedies for consequential damages that the parties have, or could have, addressed through their contractual agreement. Under what is called the economic loss rule, where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract. *Ferguson Transp., Inc. v. North Am. Van Lines, Inc.*, 687 So. 2d 821, 1996 Fla. LEXIS 1828 (Fla. 1996); *see also AFM Corp. v. Southern Bell Tel. & Tel. Co.*, 515 So. 2d 180, 181 (Fla. 1987). While the economic loss rule has not eliminated causes of action based upon torts independent of the contractual breach even when a breach of contract action exists, *see e.g. Moransais v. Heathman*, 744 So. 2d 973 (Fla. 1999); *HTP Ltd. v. Lineas Aereas Costarricenses, S.A.* , 685 So. 2d 1238 (Fla. 1996); and *Casa Clara Condominium Ass'n. v. Charley Toppino &*

---

[6] Similarly Florida precedent also exists holding that pleading contract and civil theft claims in the same pleading is inherently flawed because both are mutually exclusive causes of action. *See, e.g., Gambolati v. Sarkisian* , 622 So. 2d 47 (Fla. 4th D.C.A. 1993)(The tort of civil theft is not committed by the mere failure to pay monies contractually due.); *Belford Trucking Co. v. Zagar* , 242 So. 2d 646 (Fla. 4th D.C.A. 1970); *Rosen v. Marlin* , 486 So. 2d 623 (Fla. 3d D.C.A. 1986) (treble damages awardable in a civil theft action were not available in an action sounding in breach of contract); *cf. Sarkis v. Pafford Oil Co.* , 697 So. 2d 524 (Fla. 1st D.C.A. 1997) (where court barred civil theft and RICO claims under the economic loss rule, but allowed Florida Unfair and Deceptive Trade Practices Act claim in case arising out of supplier's contractual obligation to deliver gasoline, which was allegedly breached when supplier delivered inferior gas); *City of Cars, Inc. v. Simms* , 526 So. 2d 119 (Fla. 5th D.C.A. 1988), *rev. denied* , 534 So. 2d 401 (Fla. 1988) (Plaintiff can establish a civil theft claim in addition to a breach of contract, but Plaintiff must plead and prove the elements of civil theft alongside the breach of contract claim); *American Int'l Land Corp. v. Hanna* , 323 So. 2d 567 (Fla. 1975).

*Sons, Inc.*, 620 So. 2d 1244 (Fla. 1993), only under appropriate factual circumstances can certain allegations be successfully pled as an independent tort. *Pershing Indus., Inc. v. The Estate of Victoria Sanz*, 740 So. 2d 1246 (Fla. 3d D.C.A. 1999). Accordingly, Florida courts have held that a tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract. *Am. Aviation*, 891 So. 2d at 536-37); *Weimar v. Yacht Club Point Estates, Inc.*, 223 So. 2d 100, 103 (Fla. 4th DCA 1969) ("[N]o cause of action in tort can arise from a breach of a duty existing by virtue of contract.")

Here, Plaintiff alleges that there is a valid contract and a subsequently alleges breach of contract against Tomax for failure to receive the masks under the Purchase Order effectuated by the Paymaster Agreement as well as breach of contract against Defendants Weiss and the Law Firm for failure to return all of the Escrow Funds. Plaintiff would have you believe the underlying wrong was an operation to fraudulently scheme money from Plaintiff, instead of a straightforward breach of contract. As such, Plaintiff's claims for conspiracy, Counts VIII and XI, are barred and must be dismissed.

Respectfully submitted this 24th day of June, 2020.

PINONICHOLSON, PLLC

99 South Winter Park Avenue
Winter Park, FL 32801
Telephone: 407-425-7831
Email: ljp@pinonicholsonlaw.com
           sean.southard@pinonicholsonlaw.com

*/s/ Laurence J. Pino*
LAURENCE J. PINO, ESQ., Trial Counsel
FBN: 233749
SEAN M. SOUTHARD, ESQ.
FBN: 1003804
*Counsel for Defendants Tom Efrati*
*and Tomax Capital Group*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 24, 2020, a true and correct copy of the foregoing was furnished to the Clerk of Court by using the CM/ECF system, which will send an electronic Notice of Electronic Filing to all counsel of record identified on the Service List.

*/s/ Laurence J. Pino*
*Counsel for Defendants Tom Efrati*
*and Tomax Capital Group*

## SERVICE LIST

D. David Keller, Esq.
Keller Landsberg, P.A.
500 East Broward Boulevard
Suite 1400
Fort Lauderdale, FL 33394
david.keller@kellerlandsberg.com
Counsel for Defendants Michael H.
Weiss and Michael H. Weiss, P.C.

Mayanne Downs, Esq.
Jason Zimmerman, Esq
Joshua Bachman, Esq.
GrayRobinson, P.A.
301 East Pine Street, Suite 1400
P.O. Box 3068
Orlando, Florida 32802
Telephone: (407) 843-8880
Facsimile: (407) 244-5690
mayanne.downs@gray-robinson.com
jason.zimmerman@gray-robinson.com
joshua.bachman@gray-robinson.com
cindi.garner@gray-robinson.com
kathy.savage@gray-robinson.com
Counsel for Plaintiff