# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| ADVENTIST HEALTH SYSTEM SUNBELT HEALTHCARE CORPORATION, a Florida not for profit corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL H. WEISS, P.C., California professional corporation; MICHAEL H. WEISS, a California resident; TOMAX CAPITAL MANAGEMENT, INC., a California corporation; and YEHORAM TOM EFRATI, a California resident,<br><br>    Defendants. | Case No.: 6:20-CV-00877-PGB-DCI |

## UNOPPOSED[1] MOTION FOR ENTRY OF CONSENT FINAL JUDGMENT AGAINST DEFENDANTS TOMAX AND EFRATI

Plaintiff Adventist Health System Sunbelt Healthcare Corporation ("AdventHealth"), pursuant to the parties' Settlement Agreement and Mutual Release, respectfully requests this Court enter the attached Consent Final Judgment Against Defendants Yehoram Tom Efrati ("Efrati") and Tomax Capital Management, Inc. ("Tomax"), and states:

---

[1] On April 16, 2021, pursuant to Local Rule 3.01(g), the undersigned hereby certifies that he conferred by telephone with Defendants' counsel, who does not oppose the relief requested in this motion.

## I. Background

Defendants' failure to make periodic settlement payments pursuant to the terms of the Settlement Agreement and Mutual Release dated March 3, 2021 ("Settlement Agreement") entitles AdventHealth to entry of the Consent Final Judgment Against Defendants.[2] On March 3, 2021, AdventHealth, Efrati, and Tomax attended mediation, and reached a settlement.[3] Tomax and Efrati agreed to pay money to AdventHealth through periodic payments. Tomax and Efrati failed to make the first periodic payment due on April 12, 2021 in the amount of $300,000.[4] AdventHealth notified Tomax and Efrati of their default. Tomax and Efrati had three (3) days or until April 15, 2021 to cure their default, and failed to pay the amount due by April 15, 2021.[5]

## II. Memorandum of Law

The Settlement Agreement is not unconstitutional, unlawful, unreasonable, or contrary to public policy as it was the product of the parties' negotiations at mediation to resolve the debt that Defendants owed to AdventHealth. "District courts should approve consent decrees so long as they are not unconstitutional,

---

[2] A true and correct copy of the Settlement Agreement is attached as Exhibit A, and the Consent Final Judgment Against Defendants ("Consent Judgment") is attached to the Settlement Agreement as Exhibit 1.
[3] The factual allegations in this Motion are outlined in the Declaration of Mayanne Downs attached as Exhibit B.
[4] Settlement Agreement ¶ 4.b.
[5] Settlement Agreement ¶ 6.

unlawful, unreasonable, or contrary to public policy." *Stovall v. City of Cocoa, Fla.*, 117 F.3d 1238, 1240 (11th Cir. 1997). "A court may properly enter a consent decree only if the settlement it incorporates is 'fair, adequate, and reasonable and is not the product of collusion between the parties.'" *Florida Wildlife Fed'n, Inc. v. Jackson*, 4:08CV324-RHWCS, 2009 WL 5217062, at *3 (N.D. Fla. Dec. 30, 2009) (quoting *Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir. 1977)).

AdventHealth has not received any amounts due from Efrati or Tomax. Defendants agreed to the entry of the Consent Judgment as part of the settlement in the event they failed to make timely payments. Defendants executed the Settlement Agreement freely and voluntarily with the advice and assistance of their counsel. The amount of the Consent Judgment reflects the amounts owed to AdventHealth to make it whole for the loss it suffered at the hands of Tomax and Efrati. Under these circumstances, Florida's public policy favors enforcement of settlement agreements. *See, e.g., Sun Microsystems of California, Inc. v. Eng'g & Mfg. Sys., C.A.*, 682 So. 2d 219, 220 (Fla. 3d DCA 1996) ("The public policy of the State of Florida, as articulated in numerous court decisions, highly favors settlement agreements among parties and will seek to enforce them whenever possible.").

The principal amount of the Consent Judgment is $1,500,000.[6] Interest on the judgment amount began accruing on March 3, 2021 at the rate of 6%.[7] The total interest due is $10,573.39 as of April 16, 2021. Accordingly, AdventHealth is entitled to entry of the Consent Final Judgment Against Defendants for the total judgment amount of $1,510,573.39,[8] which is attached as Exhibit C.

WHEREFORE, AdventHealth respectfully requests this Court enter the Consent Final Judgment Against Defendants Efrati and Tomax in the amount of $1,510,573.39, which is attached as Exhibit C.

Respectfully submitted this 16th day of April, 2021,

/s/ Joshua Bachman
**Mayanne Downs as Trial Counsel**
Florida Bar No. 754900
**Jason Zimmerman**
Florida Bar No. 104392
**Joshua Bachman**
Florida Bar No. 98238
GrayRobinson, P.A.
301 East Pine Street, Suite 1400 (32801)
P.O. Box 3068
Orlando, Florida 32802
Telephone: (407) 843-8880
Facsimile: (407) 244-5690
mayanne.downs@gray-robinson.com
jason.zimmerman@gray-robinson.com
joshua.bachman@gray-robinson.com

---

[6] Settlement Agreement ¶ 6.
[7] Settlement Agreement ¶ 6.
[8] The total judgment amount plus interest was calculated as follows:
$1,500,000.00(1 + 0.06/1)^{(1)(0.12054794520548)} = \$1,510,573.39$

cindi.garner@gray-robinson.com
kathy.savage@gray-robinson.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2021, a true and correct copy of the foregoing was filed through the CM/ECF system which will serve an electronic copy on:

D. David Keller
Keller Landsberg, P.A.
500 East Broward Boulevard
Suite 1300
Fort Lauderdale, FL 33394
david.keller@kellerandlandsberg.com
laura.keller@kellerandlandsberg.com
*Counsel for Michael H. Weiss and Michael H. Weiss, P.C.*

Laurence J. Pino
Sean M. Southard
PinoNicholson, PLLC
99 South New York Avenue
Winter Park, Florida 32789;
ljp@pinonicholsonlaw.com
sean.southard@pinonicholsonlaw.com
*Counsel for Tomax Capital Management, Inc. and Yehoram Tom Efrati &*

*/s/ Joshua Bachman*
Joshua Bachman
Florida Bar No. 98238